IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Greyhound Lines, Inc., *et al.*,                    :

                Plaintiffs          :          Civil Action 2:11-cv-00466

  v.                                                  :          Judge Sargus

Michael J. Kuzo,                                    :          Magistrate Judge Abel

               Defendants          :

## ORDER

This matter is before the Magistrate Judge on plaintiff Greyhound Lines, Inc.'s

("Greyhound")  July 25, 2012 unopposed motion for reasonable expert witness fees

(doc. 20).

Plaintiff Charles C. Jones has disclosed that Dr. J. Mark Hatheway will testify as

expert for Mr. Jones in this action. Greyhound tentatively scheduled a discovery

deposition of Dr. Hatheway. On July 9, 2012, Heather K. from Specialized Orthopaedics

& Sports Medicine faxed a letter to counsel for Greyhound indicating that Dr.

Hatheway's deposition was $1,600.00 for two hours and that each additional hour

would be billed at an additional $500. Dr. Hatheway also charged a non-refundable

$200 fee for review and preparation. Counsel for Greyhound inquired whether Dr.

Hatheway would be willing to reduce his hourly rate to $400. Greyhound believes that

1

deposition will only take one hour. Dr. Hatheway did not reply to Greyhound's request for a reduced rate.

There is conflicting law regarding whether a professional who is called as a witness is entitled to a professional fee for the time spent giving testimony.  Under 18 U.S.C. §1821, witnesses subpoenaed for a trial, hearing, or deposition are entitled to a $40 a day attendance fee and actual, reasonable travel expenses.  There is some authority that reads §1821 to limit the fee that may be paid to any fact witness, including professionals, to the statutory witness appearance fee.  Under that reading, professionals cannot be paid a professional fee and are entitled only to the statutory witness appearance fee.  See, *Hurtado v. United States*, 410 U.S. 578, 586 n.7 (1973); *Fisher v. Ford Motor Company*, 178 F.R.D. 195, 198-99 (N.D. Ohio 1998); *Exxon Chemical Patents, Inc. v. Lubrizol Corp.*, 131 F.R.D. 668, 675 (S.D. Tex. 1990).  Also see, Jeffrey S. Kinsler and Gary S. Colton, Jr. , "Compensating Fact Witnesses", 184 F.R.D. 425 (1994).

However, I believe that professionals who give fact testimony regarding matters within the area of their expertise are entitled to a reasonable professional fee.  Here, Dr. Hatheway is a fact witness because he saw Mr. Jones in his professional capacity as a doctor.  He will also be asked to express professional opinions about Mr. Jones' injury.

The Court has the discretion to determine the amount of a reasonable fee due an expert.  See, *Jochins v. Isuzu Motors, Ltd.*, 141 F.R.D. 493, 495 (S.D. Iowa 1992); *Goldwater v. Postmaster General of the United States*, 136 F.R.D. 337, 339 (D. Conn. 1991); *Hurst v. United States*, 123 F.R.D. 319, 321 (D. S.D. 1988); *Draper v. Red Devil, Inc.*, 114 F.R.D. 46,

48 (E.D. Ark. 1987).  Rule 26(b)(4)(C) provides that "[u]nless manifest injustice would result, the court must require that the party seeking discovery: (i) pay the expert a reasonable fee for time spent in responding to discovery under Rule 26(b)(4)(A) or (B) . . . ."  Factors that a court may consider in determining the reasonableness of an expert's witness fee may include:

- area of expertise
- education and training
- prevailing rates for comparable experts
- nature, quality and complexity of opinions expressed
- cost of living in the judicial district
- the fee the expert is charging the party who retained him
- fee historically charged by experts for similar services
- any other factors that would assist the court in determining a fair, reasonable fee.

*Coleman v. Dydula,* 190 F.R.D. 320, 324 (W.D.N.Y.  1999).

Decisions from our Court indicate that $250-$500 an hour is a reasonable expert fee for a treating physician.  *Jeanne D. Spurlock v. Ameritech Corporation,* Case No. 2:01-cv-570 (S.D. Ohio September 30, 2004), at pp. 22-25 upheld a $500 an hour fee for a treating physician who was a sleep specialist.

Here Dr. Hatheway has not offered any evidence regarding what he has charged for depositions in the past. He has also offered no evidence about the market price for the deposition testimony of comparably qualified experts.  Dr. Hatheway also did not provide the Court with a statement of the fees he routinely charges during an hour spent examining patients.

I do not have adequate information concerning Dr. Hatheway to evaluate the *Coleman* factors. Counsel for Greyhound and Dr. Hatheway are DIRECTED to confer with one another and schedule a telephone conference with me (614.719.3370)  to determine the reasonableness of Dr. Hatheway's fee within fourteen days of the date of this Order.

The Clerk of Court is DIRECTED to mail a copy of this Order to Dr. J. Mark Hatheway, Specialized Orthopaedics & Sports Medicine, 720 East Broad Street, Columbus, Ohio 43215.

<div style="margin-left:50%">

s/ Mark R. Abel
United States Magistrate Judge

</div>