IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Greyhound Lines, Inc., *et al.*, | : | |
| Plaintiffs | : | Civil Action 2:11-cv-00466 |
| v. | : | Judge Sargus |
| Michael J. Kuzo, | : | Magistrate Judge Abel |
| Defendants | : | |

# ORDER

This matter is before the Magistrate Judge on plaintiff Greyhound Lines, Inc.'s ("Greyhound") March 15, 2013 motion to compel (doc. 26).

Greyhound seeks an order compelling plaintiffs Charles C. Jones and Yvonne P. Jones to produce debit/credit card account numbers, monthly billing statements, bank account numbers, including checking accounts and any and all bank monthly statements from the date of the accident to the present. Greyhound seeks these documents to verify the truthfulness of Mr. Jones deposition testimony. In his deposition, Mr. Jones testified that he was limited in his ability to travel, attend social events, drive and other aspects of his social life and daily activities.

Mr. and Mrs. Jones argue that the document requests are not timely because the deadline for completing discovery has passed. In the alternative, the Jones argue that Greyhound has had ample opportunity to obtain discovery on this issue and that these

discovery requests are unreasonably cumulative or duplicative and can be obtained from some other source that is more convenient, less burdensome or less expensive.

Under Rule 26(b), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. Here, Greyhound's discovery request is overbroad. It sought all plaintiffs' debit/credit card and bank records, not just arguably relevant records such as purchases made on entertainment and travel out-of-town (airline tickets, car rentals, gasoline purchases, motel payments, and the like).

Moreover, Greyhound has had ample opportunity to discover Mr. Jones' activities. Greyhound seeks to test Mr. Jones' statements, but it has not provided any support for its position that Mr. Jones has not been truthful. Greyhound is merely speculating there might be relevant information in the Jones' financial records, but they have offered no evidence or other reason to back up that speculation. A litigant has no right to subject an opponent to a very invasive audit of their finances and spending habits as the price to pay for making a legal claim.

I further note that these discovery requests were served after the deadline for completing discovery in this case had passed.  The fact that counsel at least tacitly agreed to conduct certain discovery beyond the deadline for completing all discovery does not mean that they can bring a discovery dispute arising after that deadline to the court for resolution. The purpose of Rule 16 case management deadlines is to provide judicial control over the timing and completion of discovery. When counsel ignore those deadlines, they defeat that purpose. Having ignored the case management deadlines, they have no right to come to the court to resolve their discovery disputes.

For the reasons stated above, plaintiff Greyhound Lines, Inc.'s ("Greyhound") March 15, 2013 motion to compel (doc. 26) is DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P., and Eastern Division Order No. 91-3, pt. F, 5, either party may, within fourteen (14) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by the District Judge.  The motion must specifically designate the Order, or part thereof, in question and the basis for any objection thereto.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

s/Mark R. Abel<br>United States Magistrate Judge